IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FARM CREDIT SERVICES OF AMERICA, PCA, a federally chartered instrumentality of the United States, and FARM CREDIT SERVICES OF AMERICA, FLCA, a federally chartered instrumentality of the United States, | ) ) ) ) ) ) ) ) ) | CASE NO. 8:11CV320 |
| Plaintiffs, | ) ) | MEMORANDUM AND ORDER |
| vs. | ) ) ) | |
| BRAD HAUN, MICHELLE HAUN, CECIL D. HAUN, CAROLE L. HAUN, JOSEPH H. PAGE, FRANCES K. PAGE, CAROL KNISLEY, and SHIRLEY KNISLEY, each Individuals, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on: the Motion to Dismiss Counterclaim or, in the Alternative, for a More Definite Statement (Filing Nos. 40) filed by the Plaintiffs, the Farm Credit Services of America, PCA ("PCA") and the Farm Credit Services of America, FLCA ("FLCA"), to dismiss the counterclaims filed by the Defendants Brad Haun, Michelle Haun, Cecil D. Haun, Carole L. Haun, Carol Knisley, and Shirley Knisely ("Haun/Knisely Defendants"); and the Motion to Dismiss Counterclaim or, in the Alternative, for a More Definite Statement (Filing No. 41) filed by the Plaintiffs to dismiss the counterclaims filed by the Defendants Joseph H. Page and Frances K. Page ("Page Defendants"). The motions are supported by a consolidated brief (Filing No. 42). Both groups of Defendants responded (Filing Nos. 52, 54, 55), and the Plaintiffs filed a consolidated reply brief (Filing No. 58).

**FACTUAL BACKGROUND**

The Plaintiffs are federally chartered instrumentalities of the United States. Each of the Defendants is an owner or manager of Big Drive Cattle, LLC. ("Big Drive"), a Nebraska limited liability corporation that operates a cattle feed yard. The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

On or about March 10, 2010, Big Drive executed a promissory note and loan agreement ("PCA loan agreement") with PCA, under which Big Drive borrowed $1,500,000 to finance the operation of its cattle feed lot. At Big Drive's request, PCA made advances to Big Drive until PCA gave Big Drive notice that no more advances would be given as of May 1, 2011, when the PCA loan matured and all amounts due were payable in full. Big Drive failed to pay the amounts due, and PCA declared the loan in default. Also on March 10, 2010, PCA loaned Big Drive $59,000 under another promissory note and loan agreement ("PCA equipment note"), and Big Drive entered into a promissory note and loan agreement ("FCLA loan agreement"), through which FLCA loaned Big Drive $1,641,250 for purchase of the real property where the cattle feed yard was located.

On different dates in March and May of 2010, the Defendants each executed limited guarantees of payment in favor of PCA and FLCA (collectively "Farm Credit"). By executing these guarantee agreements, the Defendants jointly and severally guaranteed payment of all indebtedness, as defined, from Big Drive to Farm Credit, including the amounts due under the PCA and FLCA loan agreements. The guarantees limited each Defendant's liability on a percentage basis. On September 15, 2011, PCA and FLCA made written demand on the Defendants for payment of the amounts due under the PCA and FLCA loan agreements pursuant to the guarantees.

The Complaint alleges that the Defendants failed to pay the amounts due under the guarantees, constituting a default and breach of the guarantees. PCA and FLCA allege joint and several liability on the part of the Defendants for the amounts due under the PCA and FLCA loan agreements and the PCA equipment note.

After a suggestion of bankruptcy was filed, with respect to Big Drive, the case was referred to the United States Bankruptcy Court for the District of Nebraska; then the reference to the bankruptcy court was withdrawn. In recommending that the case return to this Court, Chief U.S. Bankruptcy Judge Thomas L. Saladino stated that this "case is only tangentially connected to the bankruptcy case in that the defendant guarantors, if found liable to Farm Credit, would then have a claim against the debtor in the bankruptcy case." (Filing No. 33, at 2.)

Both groups of Defendants have filed counterclaims against the Plaintiffs alleging negligence, negligent misrepresentation, and breach of the duty of good faith and fair dealing. The counterclaims are identically worded. Plaintiffs move to dismiss the counterclaims with prejudice under Federal Rule of Civil Procedure 12(b)(6), arguing that they fail to state claims upon which relief may be granted. Alternatively, under Federal Rule of Civil Procedure 12(e) the Plaintiffs request an order requiring a more definite statement of each counterclaim.

## DISCUSSION

I.  **Standard of Review**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not

include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "'Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *Williams v. Hobbs,* 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The complaint, however, must still "include

4

sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.     Application of the Standard

### A.     Counterclaim 1 - Negligence

Under Nebraska law, a negligence action requires "a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." *Martensen v. Rejda Bros., Inc.,* 808 N.W.2d 855, 861-62 (Neb. 2012). The existence of a legal duty is a question of law that depends on the facts in a particular situation. *Fitzpatrick v. US West, Inc.,* 518 N.W.2d 107, 113 (Neb. 1994).

The Plaintiffs argue that the Defendants failed to plead legal duties in the counterclaims, and instead set out certain alleged duties without specifying whether the duties arose out of the loan, the guarantees, common law, statutory law, or case law.

The Page Defendants argue that they have pleaded a plausible claim for relief as their counterclaim sets out sufficient facts for the Court to draw a reasonable inference that

Plaintiffs are liable for the alleged misconduct. The Haun/Knisley Defendants argue that they are unable to provide more details until formal discovery is conducted

In considering the parties' arguments, the Court has reviewed the loan agreements and guarantees attached to the Complaint. Portions of the documents are illegible. The Court is unable to discern whether the alleged duties are believed to have arisen out of the loan agreements, the guarantees, or some other source. The counterclaims do not state the origins of the alleged duties, but include a catchall phrase alleging "[s]uch other duties as discovery may reveal." Details are also lacking with respect to the alleged breaches, and the Court cannot draw a "reasonable inference" that the Plaintiffs are liable for any misconduct.

### B.   Counterclaim 2 - Negligent Misrepresentation

To prove negligent misrepresentation, Defendants must demonstrate that the Plaintiffs, in the course of their business or other transaction in which they had a pecuniary interest, supplied false information that guided the Defendants in conducting their business transactions. The Plaintiffs would then be liable for pecuniary loss caused by the Defendants' justifiable reliance on the information, if the Plaintiffs failed "to exercise reasonable care or competence in obtaining or communicating the information." *Lucky 7, L.L.C. v. THT Realty, L.L.C.,* 775 N.W.2d 671, 675 (Neb. 2009). In addition, the Defendants must prove that Farm Credit "intended that the user of the information would be influenced by the information and rely on it." *Id.*

An alleged misrepresentation made to Big Drive, a third party, is not actionable by the guarantor Defendants. *Continental Group, Inc. v. Justice,* 536 F. Supp. 658, 660 (D.C. Del. 1982). The general rule is that a guarantor sued by the principal's creditor under a

guaranty agreement "cannot rely on an independent cause of action existing in favor of the principal against the creditor as . . . a counterclaim." *Id.* at 661.

Plaintiffs argue that the counterclaims are a bare recitation of the elements of negligent misrepresentation and fail to include sufficient facts to state a claim. They also argue that the Defendants neglected to include any facts that might show Farm Credit "intended" the Defendants to rely on information it provided. Finally, Plaintiffs contend that it is ambiguous whether the representations at issue were made to the Defendants or to Big Drive as an entity and, if they were made to Big Drive as an entity, the representations do not support a cause of action on behalf of the Defendants as guarantors.

The Page Defendants argue that they have pleaded sufficient details in their counterclaim, the element of intent is implied, and it is probable that the alleged misrepresentations were made to both the guarantors and Big Drive and, therefore, the Plaintiffs' reliance on *Continental Group, Inc.* is misplaced. The Haun/Knisley Defendants again argue that their counterclaim contains sufficient detail and they cannot provide more detail until discovery is conducted and the bankruptcy case is completed.

The Court agrees that the counterclaims are deficient, because they merely allege that Farm Credit made "certain misrepresentations . . . regarding the state of the collateral, specifically the cattle and inventory represented on the feed lot." (Filing Nos. 37 and 38, ¶ 15.) No further details are supplied with respect to the nature of the alleged misrepresentations or specifically to which individual or entity they were allegedly made. The element of "intent" is lacking and must be pled rather than implied. Finally, if the alleged misrepresentations were made to Big Drive as an entity, and not to individual guarantors, a claim may not exist.

**C.      Counterclaim 3 - Breach of Duty of Good Faith and Fair Dealing**

An "implied covenant of good faith and fair dealing exists in every contract and requires that none of the parties to the contract do anything which will injure the right of another party to receive the benefit of the contract. . . . A violation of the covenant of good faith and fair dealing occurs only when a party violates, nullifies, or significantly impairs any benefit of the contract." *Spanish Oaks, Inc. v. Hy-Vee, Inc.,* 655 N.W.2d 390, 400 (8th Cir. 2003).

The Plaintiffs argue that the counterclaims lack details that would constitute a basis for the claims, including what duty of good faith and fair dealing was owed, how the duty was breached, whether the alleged breach caused damage, and how the Defendants were damaged.

The counterclaims allege a breach of duty of good faith and fair dealing in the performance on the contracts. While alleged breaches are listed, no facts are pled that tie the alleged breaches to any specific contractual provisions. The claims include only a boilerplate statement that the alleged breaches caused damage to the Defendants. The nature of the alleged damages is not stated.

## CONCLUSION

All three counterclaims raised by the Page and Haun/Knisley Defendants fail to include sufficient factual allegations to support the claims. The Court cannot conclude that the counterclaims state plausible claims for relief. Defendants may file amended counterclaims that include more definite statements on or before May 14, 2012.

IT IS ORDERED:

8

1. The Motion to Dismiss (Filing Nos. 40) filed by the Plaintiffs, the Farm Credit Services of America, PCA, and the Farm Credit Services of America, FLCA, to dismiss the counterclaims filed by the Defendants Brad Haun, Michelle Haun, Cecil D. Haun, Carole L. Haun, Carol Knisley, and Shirley Knisely, and the Motion to Dismiss (Filing No. 41) filed by the Plaintiffs to dismiss the counterclaims filed by the Defendants Joseph H. Page and Frances K. Page, are granted, in part, as follows:

    a. The Defendants' counterclaims are dismissed, without prejudice; and

    b. The Defendants may file amended counterclaims on or before May 14, 2012;

2. The objection (Filing No. 52) to the Motion filed by the Defendants Joseph H. Page and Frances K. Page is overruled; and

3. The objection (Filing No. 54) to the Motion filed by the Defendants Brad Haun, Michelle Haun, Cecil D. Haun, Carole L. Haun, Carol Knisley, and Shirley Knisely is overruled.

DATED this 27th day of April, 2012.

> BY THE COURT:
>
> S/Laurie Smith Camp
> Chief United States District Judge