# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FARM CREDIT SERVICES OF AMERICA, PCA, a federally chartered instrumentality of the United States, and FARM CREDIT SERVICES OF AMERICA, FLCA, a federally chartered instrumentality of the United States,** | ) ) ) ) ) ) ) ) ) | **CASE NO. 8:11CV320** |
| **Plaintiffs,** | ) ) | **MEMORANDUM AND ORDER** |
| vs. | ) ) | |
| **BRAD HAUN, MICHELLE HAUN, CECIL D. HAUN, CAROLE L. HAUN, JOSEPH H. PAGE, FRANCES K. PAGE, CAROL KNISLEY, and SHIRLEY KNISLEY, each Individuals,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

This matter is before the Court on: the Motion to Dismiss, With Prejudice (Filing No. 65), filed by the Plaintiffs, the Farm Credit Services of America, PCA ("PCA") and the Farm Credit Services of America, FLCA ("FLCA"), seeking to dismiss the amended counterclaims filed by the Defendants Joseph H. Page and Frances K. Page ("Page Defendants"); the Plaintiffs' Motion to Dismiss, With Prejudice (Filing No. 66), seeking to dismiss the amended counterclaims filed by the Defendants Brad Haun, Michelle Haun, Cecil D. Haun, Carole L. Haun, Carol Knisley, and Shirley Knisely ("Haun/Knisely Defendants"); and the Objection to Plaintiffs' Motion to Dismiss (Filing No. 70) filed by the Haun/Knisely Defendants.  The motions are supported by a consolidated brief (Filing No. 67).  Each group of Defendants filed a brief in opposition (Filing Nos. 71, 72), and the Plaintiffs filed a consolidated reply brief (Filing No. 75).  The Plaintiffs filed substitute copies of the exhibits referred to in the Complaint (Filing No. 78), because portions of the originally filed exhibits were illegible.

**FACTUAL BACKGROUND**

The Plaintiffs are federally chartered instrumentalities of the United States. Each of the Defendants is an owner or manager of Big Drive Cattle, LLC. ("Big Drive"), a Nebraska limited liability corporation that operates a cattle feed yard. The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

On or about March 10, 2010, Big Drive executed a promissory note and loan agreement ("PCA loan agreement") with PCA, under which Big Drive borrowed $1,500,000 to finance the operation of its cattle feed lot. At Big Drive's request, PCA made advances to Big Drive until PCA gave Big Drive notice that no more advances would be given as of May 1, 2011, when the PCA loan matured and all amounts due were payable in full. Big Drive failed to pay the amounts due, and PCA declared the loan in default. Also on March 10, 2010, PCA loaned Big Drive $59,000 under another promissory note and loan agreement ("PCA equipment note"), and Big Drive entered into a promissory note and loan agreement ("FCLA loan agreement"), through which FLCA loaned Big Drive $1,641,250 for purchase of the real property where the cattle feed yard was located.

On different dates in March and May of 2010, the Defendants each executed limited guarantees of payment in favor of PCA and FLCA (collectively "Farm Credit"). By executing these guarantee agreements, the Defendants jointly and severally guaranteed payment of all indebtedness, as defined, from Big Drive to Farm Credit, including the amounts due under the PCA and FLCA loan agreements. The guarantees limited each Defendant's liability on a percentage basis. On September 15, 2011, PCA and FLCA made written demand on the Defendants for payment of the amounts due under the PCA and FLCA loan agreements pursuant to the guarantees.

The Complaint alleges that the Defendants failed to pay the amounts due under the guarantees, constituting a default and breach of the guarantees. PCA and FLCA allege joint and several liability on the part of the Defendants for the amounts due under the PCA and FLCA loan agreements and the PCA equipment note.

After a suggestion of bankruptcy was filed, with respect to Big Drive, the case was referred to the United States Bankruptcy Court for the District of Nebraska; then the reference to the bankruptcy court was withdrawn. In recommending that the case return to this Court, Chief U.S. Bankruptcy Judge Thomas L. Saladino stated that this "case is only tangentially connected to the bankruptcy case in that the defendant guarantors, if found liable to Farm Credit, would then have a claim against the debtor in the bankruptcy case." (Filing No. 33, at 2.)

Both groups of Defendants have filed counterclaims against the Plaintiffs alleging negligence, negligent misrepresentation, and breach of the duty of good faith and fair dealing. The Court granted, in part, the Plaintiffs' Motion to Dismiss brought under Federal Rule of Civil Procedure 12(b)(6), dismissing the counterclaims without prejudice and allowing the Defendants to amend their counterclaims. Both groups of Defendants filed amended counterclaims. (Filing Nos. 61, 62.) The motions now before the Court address the amended counterclaims.

## DISCUSSION

I.  **Standard of Review**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not

include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 630 (citing *Twombly*, 550 U.S. at 570).

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).  "'Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).  "A pleading that merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice."  *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).  The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'"  *Williams v. Hobbs,* 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555), *petition for cert. filed,* __ U.S.L.W. __ (U.S. May 14, 2012) (No. 11-10337, 11A799).

When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable,

and 'that recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.,* 561 F.3d 778, 783 (8th Cir. 2009).

"Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**II.     Application of the Standard**

**A.     Counterclaim 1 - Negligence**

Under Nebraska law, a negligence action requires "a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." *Martensen v. Rejda Bros., Inc.,* 808 N.W.2d 855, 861-62 (Neb. 2012). The existence of a legal duty is a question of law that depends on the facts in a particular situation. *Fitzpatrick v. US West, Inc.,* 518 N.W.2d 107, 113 (Neb. 1994).

The Plaintiffs argue that the Defendants failed to plead legal duties in the amended counterclaims, and instead set out certain alleged duties without specifying whether they arose out of the loan, the guarantees, common law, statutory law, or case law.

The Page Defendants argue that they have pleaded "clear legal duties" owed under the terms of the guarantee as well as "duties based upon Plaintiffs['] negligent undertaking of certain duties." (Filing No. 72, at 4.) The Page Defendants rely on section 324A of the Restatement (Second) of Torts for the proposition that Plaintiffs were required to exercise reasonable care in the performance of duties they undertook, and section 552 of the Restatement (Second) of Torts for the proposition that the Plaintiffs were negligent in performing inspections or appraisals.

The Haun/Knisley Defendants argue that they are unable to provide more details until formal discovery is conducted, and that notice pleading under Nebraska law is the appropriate standard. The Haun/Knisley Defendants cite to various Nebraska Supreme Court opinions and argue that these cases specify duties such as those: owed by a lender to a borrower; of disclosure; to pay real estate taxes on property held in trust; and to account with respect to trust property; as well as a general fiduciary duties owed where a fiduciary relationship has been established.

In response, the Plaintiffs argue that none of the cases cited by the Haun/Knisley Defendants applies to the factual situation presented here; § 324A of the Restatement has only been cited in support of the proposition that an employee has a duty to a customer to complete a job to avoid physical harm to a third party; and § 552 of the Restatement merely describes a claim for negligent misrepresentation. In summary, the Plaintiffs argue that the Defendants have failed to allege facts identifying the origin of the duties allegedly owed and the nature of those duties.

In considering the parties' arguments, the Court has reviewed the loan agreements and guarantees attached to the Complaint. The Defendants have not indicated in their

amended counterclaims whether the alleged duties are alleged to have arisen out of specific loan agreements, the guarantees, or some other source. If it is to be inferred that the alleged duties arise out of such documents, the Defendants have not cited to specific portions of the loan agreements or guarantees. The Court agrees that the Restatement sections and cases relied upon by the Defendants do not apply to this case. The duties alleged by the Defendants are essentially identical to those alleged in the original counterclaims; no origin of any alleged duty is specified; and Defendants rely on a catchall allegation of "[s]uch other duties as discovery may reveal." Details are also lacking with respect to the alleged breaches, and again the Court cannot draw a "reasonable inference" that the Plaintiffs are liable for any misconduct.

**B.     Counterclaim 2 - Negligent Misrepresentation**

To prove negligent misrepresentation, Defendants must demonstrate that the Plaintiffs, in the course of their business or other transaction in which they had a pecuniary interest, supplied false information that guided the Defendants in conducting their business transactions. The Plaintiffs would then be liable for pecuniary loss caused by the Defendants' justifiable reliance on the information, if the Plaintiffs failed "to exercise reasonable care or competence in obtaining or communicating the information." *Lucky 7, L.L.C. v. THT Realty, L.L.C.,* 775 N.W.2d 671, 675 (Neb. 2009). In addition, the Defendants must prove that Farm Credit "intended that the user of the information would be influenced by the information and rely on it." *Id.*

An alleged misrepresentation made to Big Drive, a third party, is not actionable by the guarantor Defendants. *Continental Group, Inc. v. Justice,* 536 F. Supp. 658, 660 (D.C.

7

Del. 1982). The general rule is that a guarantor sued by the principal's creditor under a guaranty agreement "cannot rely on an independent cause of action existing in favor of the principal against the creditor as . . . a counterclaim." *Id.* at 661.

Plaintiffs argue that the amended counterclaims must be pled in compliance with Federal Rule of Civil Procedure 9(b), which requires particularity in pleading the circumstances constituting fraud or mistake. They argue that the amended counterclaims do not meet the Rule 9(b) standard because they fail to include facts such as the time, place, and content of the alleged misrepresentations, who was involved, and what was obtained as a result. Plaintiffs argue that the Defendants did not satisfactorily plead the element of intent; it is ambiguous whether the representations at issue were made to the Defendants or to Big Drive as an entity; and, if the representations were made to Big Drive as an entity, then they do not support any cause of action on behalf of the Defendants as guarantors.

The Page Defendants argue that they have pled sufficient details in their amended counterclaim. They assert that they have alleged the content of the misrepresentations by referring generally to the cattle and inventory statements, they have alleged a time frame by reference to "monthly" statements, they have alleged the element of intent by adding facts related to the monthly reports, and they will make a claim for an amount of damages after discovery.

The Haun/Knisely Defendants argue that they have pled facts supporting their amended counterclaim, and discovery is necessary to develop further facts.

The Court concludes that the amended counterclaims are deficient. A claim of negligent misrepresentation is subject to Rule 9(b), which requires the pleading of matters

8

including the time, place, content, and source of alleged misrepresentations. *Trooien v. Mansour,* 608 F.3d 1020, 1028 (8th Cir. 2010); *Accurate Commc'ns, LLC v. Startel Corp.,* No. 4:05CV3286, 2006 WL 488717, at *5 (D. Neb. Feb. 28, 2006). In the amended counterclaims, the Defendants merely describe the content of the alleged misrepresentations as "the cattle and inventory," (Filing No. 62, ¶ 17), and "the monthly statements detailing the cattle and inventory," (Filing No. 61, ¶ 20). In the Haun/Knisely counterclaim, it is unclear what individual or entity received any misrepresentations, because the counterclaim merely states they were made to "the Hauns & Knisleys and/or Big Drive." (Filing No. 62, ¶ 17.) As the Court previously stated, if the alleged misrepresentations were made to Big Drive as an entity, and not to individual guarantors, a claim may not exist. The element of "intent" is also lacking in the counterclaims, and must be pled rather than implied. In summary, the amended counterclaims include minimal additional details and fail to meet the relevant pleading standards, including Rule 9(b).

**C.    Counterclaim 3 - Breach of Duty of Good Faith and Fair Dealing**

An "implied covenant of good faith and fair dealing exists in every contract and requires that none of the parties to the contract do anything which will injure the right of another party to receive the benefit of the contract. . . . A violation of the covenant of good faith and fair dealing occurs only when a party violates, nullifies, or significantly impairs any benefit of the contract. " *Spanish Oaks, Inc. v. Hy-Vee, Inc.,* 655 N.W.2d 390, 400 (8th Cir. 2003).

9

The Plaintiffs argue that the counterclaims lack details, including: whether the duty allegedly owed was express or implied; what duty of good faith and fair dealing was owed; whether the alleged breach violated, nullified, or significantly impaired any benefit of the contract; and how the Defendants were damaged.

The Page Defendants argue they sufficiently pled their claim, stating generally that the Plaintiffs' negligent actions and misrepresentations regarding the fluctuating line of credit for Big Drive resulted in violations, nullifications, or significant impairments under the relevant contracts that caused damages to the Page Defendants.

The Haun/Knisley Defendants argue that additional discovery is needed to further develop their claim.

Under Nebraska law, an implied covenant of good faith and fair dealing exists in every contract. *Gilmore v. Woodmen Acc. & Life Co.,* 357 F. Supp. 2d 1189, 1195 n.6 (D. Neb. 2005). Therefore, the lack of specificity as to whether the alleged duty was express or implied is excused. However, the amended counterclaims include minimal additional details and are insufficient. Again, while alleged breaches are listed, no facts are pled that tie the alleged breaches to any specific contractual provisions. The claims include only a boilerplate statement that the alleged breaches caused damage to the Defendants. The nature of the alleged damages is not stated.

### III.    Leave to Amend

Under Federal Rule of Procedure 15(a)(1)(2), the Defendants may amend their counterclaims with the opposing parties' written consent or the Court's leave, and the Court "should freely give leave when justice so requires." The Plaintiffs oppose allowing the Defendants a second chance to amend their counterclaims, arguing that it is clear they

cannot state claims for relief and any additional attempts to amend would be futile. Only the Page Defendants request leave to amend a second time.

Circumstances that justify denying leave to amend include "'futility of the amendment or unfair prejudice to the opposing party.'" *Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fid. Life Ins. Co.,* 958 F.2d 836, 839 (8th Cir. 1992) (quoting *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir. 1987)). Defendants attempted to plead their counterclaims twice, without success. Even after receiving direction from the Court in its previous Memorandum and Order, deficiencies similar to those in the original counterclaims remain. Nothing in the Defendants' briefs in response to the Plaintiffs' motions to dismiss suggests that further amendment of the counterclaims would be likely to cure the deficiencies. This case was filed on September 22, 2011, and the matter of the Defendants' counterclaims has been before this Court since the filing of the Plaintiffs' original motions to dismiss on February 20, 2012. Any delays in the progress of the case have been due to the Defendants' requests for extensions of time to answer and file briefs. Any further delay to allow the Defendants a third attempt to plead their counterclaims would result in unfair prejudice to the Plaintiffs. Therefore, the amended counterclaims will be dismissed with prejudice.

## CONCLUSION

All three amended counterclaims raised by the Page and Haun/Knisley Defendants lack sufficient factual allegations to state plausible claims for relief, and will be dismissed.

IT IS ORDERED:

1. The Motion to Dismiss, With Prejudice (Filing No. 65) filed by the Plaintiffs, the Farm Credit Services of America, PCA and the Farm Credit Services of America, FLCA, seeking to dismiss the amended counterclaims filed by the Defendants Joseph H. Page and Frances K. Page, is granted;

2. Plaintiffs' Motion to Dismiss, With Prejudice (Filing No. 66), seeking to dismiss the amended counterclaims filed by the Defendants Brad Haun, Michelle Haun, Cecil D. Haun, Carole L. Haun, Carol Knisley, and Shirley Knisely, is granted;

3. The Defendants' counterclaims are dismissed, with prejudice; and

4. The Objection to Plaintiffs' Motion to Dismiss (Filing No. 70) filed by the Defendants Brad Haun, Michelle Haun, Cecil D. Haun, Carole L. Haun, Carol Knisley, and Shirley Knisely is overruled.

DATED this 3rd day of August, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge