IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARM CREDIT SERVICES OF AMERICA, PCA, a federally chartered instrumentality of the United States, and FARM CREDIT SERVICES OF AMERICA, FLCA, a federally chartered instrumentality of the United States,<br><br>Plaintiffs,<br><br>vs.<br><br>BRAD HAUN; MICHELLE HAUN, CECIL D. HAUN, CAROLE L. HAUN; JOSEPH H. PAGE, FRANCES K. PAGE, CAROL KNISLEY, and SHIRLEY KNISLEY, each Individuals,<br><br>Defendants. | CASE NO. 8:11CV320<br><br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiffs' Motion for Dismissal of Complaint Without Prejudice (Filing No. 82). The time for filing briefs in opposition to the Plaintiffs' Motion has expired. *See* NECivR 7.0.1(b)(1)(B). Defendants Joseph H. Page and Frances K. Page have filed a brief opposing the Plaintiffs' Motion. (Filing No. 83.) The Plaintiffs have filed a reply brief in support of their Motion. (Filing No. 84.) For the reasons discussed below, the Motion will be granted.

The Plaintiffs brought this action seeking to collect on personal guarantees the Defendants executed in favor of the Plaintiffs.[1] Since the time the Plaintiffs filed this action, they have received payment from the primary debtor of the principal balance and accrued interest on the loans the Defendants guaranteed.

---

[1] The Defendants filed counterclaims against the Plaintiffs alleging negligence, negligent misrepresentation, and breach of duty of good faith and fair dealing. (*see* Filing Nos. 61, 62.) The Court dismissed the Defendants' counterclaims, with prejudice. (Filing No. 79.) The Defendants filed Notices of Appeal with respect to the Order dismissing their counterclaims, although no judgment had been entered. (Filing Nos. 85, 87.)

Although the Pages do not object to the dismissal of this action, they contend that the action should be dismissed *with prejudice*[2] because the Plaintiffs' claims are moot now that the principal balance and accrued interest on the loans have been paid in full. The Plaintiffs contend that this action should be dismissed *without prejudice* because, while their primary claims against the Defendants have terminated, they retain the right to pursue a claim for attorney's fees and costs incurred to enforce and collect the amounts due and to defend their rights under the guarantee agreements. The Plaintiffs also argue that nothing indicates any of the Defendants will be prejudiced by a dismissal of the Plaintiffs' Complaint *without prejudice*.

"Motions under Rule 41(a)(2) to dismiss without prejudice are addressed to the sound discretion of the district courts." *Herring v. City of Whitehall*, 804 F.2d 464, 466 (8th Cir. 1986) (citing *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987) (citing *Conafay By Conafay v. Wyeth Labs.*, 793 F.2d 350, 352-53 (D.C. Cir. 1986); *Kern*, 738 F.2d at 970-71); *see also Kern*, 738 F.2d at 970 (citation and internal quotation marks omitted) ("But in the federal courts, after answer, such dismissals should be granted only if no other party will be prejudiced."). The prejudice resulting from a subsequent lawsuit "can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first

---

[2] "When a plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, . . . the district court must give the plaintiff notice of its intention and a chance to withdraw the request and proceed with litigation." *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) (citations omitted).

action." *Kern*, 738 F.2d at 970; *see also* Fed. R. Civ. P. 41(a)(2) (emphasis added) ("an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*.").

"In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit." *Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995) (citing *Marlow v. Winston & Strawn,* 19 F.3d 300, 303 (7th Cir. 1994)). The Eighth Circuit has even "held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled." *Id.* at 978 (citing *Kern*, 738 F.2d at 972). However, "'omission of such condition is not necessarily an arbitrary act.'" *Kern*, 738 F.2d at 972 (quoting *New York, C. & St. L.R.R. v. Vardman*, 181 F.2d 769, 771 (8th Cir. 1950)).

None of the Defendants has stated he or she believes--or has given the Court reason to believe--that he or she would be prejudiced by the dismissal of the Plaintiffs' Complaint *without prejudice*. Furthermore, the guarantee agreements attached to the Plaintiffs' Complaint indicate that the payment of the principal balance and accrued interest on the loans the Defendants guaranteed may not have rendered moot the Plaintiffs' claims brought under those agreements.[3]

In considering what terms are "proper" for dismissal under Rule 41(a)(2), the Court notes that none of the Defendants has requested that, if the Court were to grant

---

[3] *See* Filing No. 1-3 at CM/ECF p. 2 ("Guarantor agrees to pay reasonable attorney fees and all other costs and expenses that may be incurred by Lender in the enforcement of this Guaranty or in any way arising out of, following, or consequential to the enforcement of Borrower's obligations, whether under this Guaranty, or otherwise."); *see also* Filing Nos. 1-4 through 1-9.

the Plaintiffs' Motion, that the Court condition the dismissal of the Plaintiffs' Complaint on the Plaintiffs paying the Defendants' costs and attorney's fees if this action is refiled, and nothing indicates, at least with respect to the Plaintiffs' claims, that substantial time, effort, or expense has been incurred by the Defendants in defending this action. Therefore, the Plaintiffs' Motion will be granted, and the Court will not place any conditions on the dismissal.

Accordingly,

1. The Motion for Dismissal of Complaint Without Prejudice (Filing No. 82) filed by the Plaintiffs is granted;

2. The Plaintiffs' Complaint (Filing No. 1) is dismissed, *without prejudice*;

3. All other pending motions are denied as moot;

4. The Clerk of Court is directed to terminate Filing No. 83; and

5. A separate Judgment will be entered with respect to the Defendants' counterclaims, previously dismissed by the Court. (*See* Filing No. 79.)

Dated this 11th day of September, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge